UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

AMERICAN STEVEDORING, INC.,

                 Plaintiff,

- against -    **VERIFIED COMPLAINT**

MORAN TOWING & TRANSPORTATION
CO., INC., AND MORAN TOWING &
TRANSPORTATION, LLC.

                 Defendants.

------------------------------------------------------------X

07 CV 5608



Plaintiff, American Stevedoring, Inc. ("ASI") by its attorneys, NICOLETTI HORNIG & SWEENEY, as and for its Complaint, alleges the following upon information and belief:

### Jurisdiction

1. This Honorable Court has subject matter jurisdiction of the within claims pursuant to 28 U.S.C. § 1331.

2. The claims set forth herein are all admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

### Parties

3. Plaintiff ASI was and is a corporation or other business entity organized and existing under and by virtue of the laws of the State of New York, with an office and place of business at 138 Marsh Street, Newark, New Jersey 07114.

4. Defendants, Moran Towing and Transportation Co., Inc., and Moran Towing and Transportation, LLC (collectively, "Moran") were and are corporations or other

business entities with an office and place of business at 50 Locust Avenue, New Canaan, Connecticut, 06840.

5. At all times hereinafter mentioned, Moran was doing business within the territorial confines of the Southern District of New York.

**Factual Background**

6. On or about November 25, 1998, plaintiff ASI and defendant Moran entered into a contract for towage services (hereinafter "the Contract"), whereby Moran agreed to provide towage services for the Barge "BOSTON TRADER" or Equivalent Substitute in consideration for certain agreed monies to be paid to Moran by ASI.

7. On or about January 23, 2007, and while performing under the Contract, Moran caused the Barge "NEW JERSEY" to allide with Pier 9B in Brooklyn, New York.

8. At all relevant times, the Barge "NEW JERSEY" was bareboat chartered to ASI.

9. The said allision caused severe and extensive damages to the Barge "NEW JERSEY", its hull, machinery and appurtenances, requiring extensive repairs and incurring attendant expenses, including but not limited to, towage charges, drydocking fees, surveyors' fees, attendance fees, etc. As such, the Barge "NEW JERSEY" could no longer be used by the plaintiff ASI until such time as the necessary repairs were made to the Barge "NEW JERSEY", its hull, machinery, appurtenances, etc.

10. That by reason of the foregoing, ASI had to charter the replacement Barge "COLUMBIA NEWARK", which was then located in Norfolk, Virginia at a cost of Three Thousand Dollars ($3000.00) per day.

11. That in order to move the replacement Barge "COLUMBIA NEWARK", from Norfolk to New York and return it from New York to Norfolk upon completion of the said charter, ASI necessarily incurred a towing charge of Seventy Four Thousand Dollars ($74,000.00).

12. That additional charges and expenses incurred by plaintiff ASI related to its charter of the replacement barge included charges for (a) shipyard work making the COLUMBIA NEWARK open and safe for on-hire survey; (b) work to secure the COLUMBIA NEWARK for sea; and (c) work to open the barge's hatches for off-hire survey.

13. That as a result of ASI's loss of use of the Barge "NEW JERSEY" and charter of the Barge "COLUMBIA NEWARK", ASI incurred expenses of approximately Two Hundred Thousand Dollars ($200,000.00) as nearly as the same can now be estimated.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

14. Under and pursuant to the Contract, Moran was obligated to perform proper towage services and exercise due diligence to tender a seaworthy tug, which was to be "in all respects ready to perform the voyage".

15. Moran breached the Contract in failing to properly perform the said towage services and/or in failing to exercise due diligence to tender a tug that was "in all respects ready to perform the voyage".

16. By reason of the premises, plaintiff ASI has sustained damages including the costs of obtaining marine surveys of the damage, the costs of towing and repair, the costs of the loss of use of the barge, the costs of chartering a replacement barge and other substantial

expenses necessarily incurred and to be incurred as a result of the allision, which as nearly as the same can now be estimated amount to Two Hundred Thousand Dollars ($200,000.00).

### AS AND FOR A SECOND CAUSE OF ACTION
### (Breach of Warranty of Workmanlike Service)

17. Plaintiff repeats, reiterates and realleges each and every allegation set forth herein in paragraphs "1" through "16" hereof, with the same force and effect as though the same were set forth fully and at length herein.

18. By virtue of its undertaking and agreement to perform maritime towage services, Moran warranted to perform such services in a workmanlike manner.

19. Moran breached its warranty of workmanlike service, which was owed to the plaintiff.

20. By reason of the premises, plaintiff ASI has sustained damages including the costs of obtaining marine surveys of the damage, the costs of towing and repair, the costs of the loss of use of the barge, the costs of chartering a replacement barge and other substantial expenses necessarily incurred and to be incurred as a result of the allision, which as nearly as the same can now be estimated amount to Two Hundred Thousand Dollars ($200,000.00).

### AS AND FOR A THIRD CAUSE OF ACTION
### (Breach of Bailment)

21. Plaintiff repeats, reiterates and realleges each and every allegation set forth herein in paragraphs "1" through "20" hereof, with the same force and effect as though the same were set forth fully and at length herein.

22. At all relevant times herein, the Barge "NEW JERSEY" was in the exclusive care, custody, and control of defendant Moran.

23. On or about January 23, 2007, when the Barge "NEW JERSEY" was tendered to Moran for towage services, the said barge was in all respects seaworthy and in good order and condition.

24. Following the performance of towage services by Moran, during which Moran caused the Barge "NEW JERSEY" to allide with Pier 9B in Brooklyn, New York, and upon re-tender of the said barge to ASI, the barge its hull, machinery and appurtenances were severely damaged and required extensive drydocking and repairs.

25. By reason of the premises, plaintiff ASI has sustained damages consisting of the costs of obtaining marine surveys of the damage, the costs of towing and repair, the costs of the loss of use of the barge, the costs of chartering a replacement barge and other substantial expenses necessarily incurred and to be incurred as a result of the allision, which so nearly can be estimated at present will amount to Two Hundred Thousand Dollars ($200,000.00).

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Negligence)

26. Plaintiff repeats, reiterates and realleges each and every allegation set forth herein in paragraphs "1" through "25" hereof, with the same force and effect as though the same were set forth fully and at length herein.

27. At all relevant times herein, the Barge "NEW JERSEY" was in the exclusive care, custody and control of defendants Moran.

28.     Moran owed a duty of care to plaintiff ASI and to the Barge "NEW JERSEY".

29.     On or about January 23, 2007, when the Barge "NEW JERSEY" was tendered to Moran for towage services, the said barge was in all respects seaworthy and in good order and condition.

30.     During the performance of the said towage services by Moran, the Barge "NEW JERSEY" was caused to allide with Pier 9B in Brooklyn, New York, due to the carelessness, recklessness, negligence and lack of due care on the part of Moran.

31.     Under re-tender of the said barge to American Stevedoring, Inc., the barge, its hull, machinery and appurtenances were all severely damaged and required extensive drydocking and repairs.

32.     Moran breached its duty of care that it owed to American Stevedoring, Inc. and to the Barge "NEW JERSEY".

33.     By reason of the premises, plaintiff ASI has sustained damages including the costs of obtaining marine surveys of the damage, the costs of towing and repair, the costs of the loss of use of the barge, the costs of chartering a replacement barge and other substantial expenses necessarily incurred and to be incurred as a result of the allision, which as nearly as the same can now be estimated amount to Two Hundred Thousand Dollars ($200,000.00).

**WHEREFORE,** Plaintiff AMERICAN STEVEDORING, INC., prays:

1.     That process in due form of law may issue against Defendants Moran Towing & Transportation Co., Inc., and Moran Towing & Transportation, LLC (collectively, "Moran") citing it to appear and answer all and singular the matters aforesaid;

2. That if Defendants cannot be found within this District, then all their property within this District, be attached in the sum of Two Hundred Thousand Dollars ($200,000.00), with interest thereon and costs, the sum sued for in this Complaint;

3. That Judgment may be entered in favor of Plaintiff against Defendants for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action; and

4. That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
       June 12, 2007.

NICOLETTI HORNIG & SWEENEY
Attorneys for Plaintiff.

By: _____
James F. Sweeney (JFS-7745)
Wall Street Plaza
88 Pine Street, 7th Floor
New York, New York 10005-1801
Tel. No.: (212) 220-3830
Fax No.: (212) 220-3830
E-mail: jsweeney@nicolettihornig.com
(FILE NO.: 10000462 JFS)

X:\Public Word Files\1\462\LEGAL\Complaint.2. MJL.S.RR.6.12.07.doc

STATE OF NEW YORK )
: S.S.:
COUNTY OF NEW YORK )

JAMES F. SWEENEY, being duly sworn, deposes and says:

That he is an attorney admitted to practice before the Courts of this State and a member of the firm of Nicoletti Hornig & Sweeney, attorneys for Plaintiff herein.

That he has read the foregoing Verified Complaint and know the contents thereof and that the same is true to his own knowledge except as to the matters therein stated to be alleged on information and belief, and as to those matters, he believes them to be true.

Deponent further says that the sources of his information and the grounds for his belief as to all matters therein stated to be alleged on information and belief, is derived from documents, records, correspondence and memoranda of Plaintiff concerning the matters set forth in the Verified Complaint in the possession of deponent.

_____
JAMES F. SWEENEY

Sworn to before me this
12th day of June, 2007.

_____
Notary Public

ROSEMARIE RUSSO
Notary Public, State of New York
No. 01RU4634359
Qualified in Nassau County
Certificate Filed in New York County
Commission Expires Dec. 31, 20__10

X:\Public Word Files\1\462\LEGAL\VERIFICATION.2.MJL.S.RR.6.12.07.doc