CLARK, ATCHESON & REISERT
Richard J. Reisert (RR-7118)
Attorneys for Defendant
7800 River Road
North Bergen, New Jersey 07047
Tel: 201-537-1200
Fax: 201-537-1201
Email: reisert@navlaw.com

UNTED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
AMERICAN STEVEDORING, INC.          :
                                    :
              Plaintiff,            :     07-CV-5608 (RWS)
                                    :
       v.                           :
                                    :     **ANSWER TO**
MORAN TOWING AND TRANSPORTATION     :     **COMPLAINT**
CO., INC. and MORAN TOWING AND      :
TRANSPORTATION, LLC                 :
                                    :
              Defendants.           :
-------------------------------------------------------------x

Defendant MORAN TOWING AND TRANSPORTATION, LLC (the successor to Moran Towing & Transportation Co., Inc.) ("Moran") by its attorneys Clark, Atcheson & Reisert, answering the Complaint herein, states upon information and belief as follows:

### Jurisdiction

1 - 2.   Admits the allegations contained in paragraphs 1 and 2 of the Complaint.

### Parties

3.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4. Denies the allegations contained in paragraph 4, except admits that Moran is a corporation or other business entity with an office at 50 Locust Avenue, New Canaan, Connecticut.

5. Admits the allegations contained in paragraph 5 of the Complaint.

### Factual Background

6. Admits to the existence of the Contract, the terms of which speak for themselves.

7. Admits that on or about January 23, 2007, while performing under the Contract, the Barge NEW JERSEY (the "Barge") in tow of the Tug CAPE COD (the "Tug") allided with Pier 9B in Brooklyn, New York (hereinafter the "allision"), but except as so admitted, denies the allegations contained in paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. Admits that the Barge sustained physical damage on account of the allision, but except as so admitted, denies the allegations contained in paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11. Admits that the Barge COLUMBIA NEWARK was transported round trip between Norfolk and New York, but denies that the Plaintiff paid the alleged towing charges.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. Denies the allegations contained in paragraph 13 of the Complaint.

## AS AND FOR MORAN'S ANSWER TO
## THE FIRST CAUSE OF ACTION
### (Breach of Contract)

14. Admits that the Contract imposed certain obligations on the parties thereto, the particulars of which are fully set forth therein.

15 - 16. Denies the allegations contained in paragraphs 15 – 16 of the Complaint.

## AS AND FOR MORAN'S ANSWER TO
## THE SECOND CAUSE OF ACTION
### (Breach of Warranty of Workmanlike Service)

17. Moran repeats and realleges its answers to paragraphs 1 – 16 of the Complaint as if fully set forth herein.

18 – 20. Denies the allegations contained in paragraphs 18 – 20 of the Complaint.

## AS AND FOR MORAN'S ANSWER TO
## THE THIRD CAUSE OF ACTION
### (Breach of Bailment)

21. Moran repeats and realleges its answers to paragraphs 1 – 20 of the Complaint as if fully set forth herein.

22. Admits that at the time of the allision, the Barge was in tow of the Tug, but except as so admitted, denies the allegations contained in paragraph 22 of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

24. Admits that the Barge sustained physical damage on account of the allision, but except as so admitted, denies the allegations contained in paragraph 24 of the Complaint.

25. Denies the allegations contained in paragraph 25 of the Complaint.

### AS AND FOR MORAN'S ANSWER TO THE FOURTH CAUSE OF ACTION
#### (Negligence)

26. Moran repeats and realleges its answers to paragraphs 1 – 25 of the Complaint as if fully set forth herein.

27. Admits that at the time of the allision, the Barge was in tow of the Tug, but except as so admitted, denies the allegations contained in paragraph 27 of the Complaint.

28. Denies the allegations contained in paragraph 28, and refers to the Contract for a description of the respective parties' rights, obligations and legal duties.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint.

30. Denies the allegations contained in paragraph 30 of the Complaint.

31. Admits that the Barge sustained physical damage on account of the allision, but except as so admitted, denies the allegations contained in paragraph 31 of the Complaint.

32 – 33. Denies the allegations contained in paragraphs 32 – 33 of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

34. The Complaint fails to state a cause of action against Moran upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

35. In fulfillment of its contractual obligation, Moran exercised due diligence to tender a seaworthy tug that was, in all respects, ready to perform the service.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

36. The allision occurred notwithstanding that the subject towage was performed with reasonable care and nautical skill.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

37. The law of bailment does not apply to the subject towage.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

38. The subject towage was not governed by any warranty of workmanlike service which was specifically disclaimed by the Contract.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

39. The damages complained of were caused by Act of God, force of nature, peril of the sea, force majeure, inevitable accident or other circumstances beyond Moran's control.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

40. The Plaintiff failed to mitigate its alleged damages.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

41. Moran claims all of the applicable benefits, limitations and exonerations afforded to it by the Contract and the General Maritime Law of the United States.

WHEREFORE, the Defendant Moran Towing and Transportation, LLC prays that the Complaint be dismissed with prejudice, that it be awarded costs and attorneys' fees in defense of this action and that it be granted such other and further relief as this Court deems just and proper.

Dated: North Bergen, New Jersey
       August 27, 2007

                                        CLARK, ATCHESON & REISERT
                                        Attorneys for Defendant

                              By:       _____
                                        Richard J. Reisert (RR-7118)
                                        7800 River Road
                                        North Bergen, New Jersey 07047
                                        Tel: 201-537-1200
                                        Fax: 201-537-1201
                                        Email: reisert@navlaw.com


TO:   CLERK OF THE COURT

      NICOLETTI HORNIG & SWEENEY
      Attorneys for Plaintiff
      Wall Street Plaza
      88 Pine Street, 7th Floor
      New York, NY 10005-1801
      Attn: James F. Sweeney. Esq.

UNTED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
AMERICAN STEVEDORING, INC.,                  :
                                             :
                Plaintiff,                   :     07-CV-5608 (RWS)
                                             :
     v.                                      :
                                             :     **CERTIFICATE**
MORAN TOWING AND TRANSPORTATION              :     **OF SERVICE**
CO., INC. and MORAN TOWING AND               :
TRANSPORTATION, LLC,                         :
                                             :
                Defendants.                  :
-----------------------------------------------------------------x

Richard J. Reisert declares and states that I am not a party to this action, am over 18 years of age and reside in Chappaqua, New York. I am a partner in the law firm of Clark, Atcheson & Reisert, attorneys for Defendant Moran Towing and Transportation, LLC ("Moran"), with offices at 7800 River Road, North Bergen, NJ 07047. On August 27, 2007, I served Moran's Answer to the Complaint in the above-entitled action upon Plaintiff's counsel:

NICOLETTI HORNIG & SWEENEY
Wall Street Plaza
88 Pine Street, 7th Floor
New York, NY 10005-1801
Attn: James F. Sweeney. Esq.

Service was affected by delivering the aforesaid document to an official postal carrier of the United States Postal Service in North Bergen, New Jersey.

Executed on August 27, 2007                         _____
                                                         Richard J. Reisert